liPER CURIAM.*
Marty Bordelon d/b/a Pyramid Cleaning Company (“Pyramid”) filed suit against Co-meaux Furniture and Appliance Company (“Comeaux”) alleging Comeaux failed to pay for carpet cleaning services rendered by Pyramid. Initially, Comeaux asked Pyramid to clean a small portion of the store. Bordelon measured the area, figured the square footage, and gave a price of $186.16 to Comeaux, informing him the charge was twenty cents per foot. After Pyramid performed this work to Comeaux’s satisfaction and the bill was paid, Comeaux asked Bordelon to clean the rest of the store. Although Bordelon did not this time submit an estimate of the bill ahead of time, Comeaux later testified he saw Bordelon measuring during the cleaning of the store and understood it was “common sense” that Bordelon would charge according to some measuring device.
At the completion of the job, which took three nights, Pyramid submitted a bill to Comeaux for $3,630.64, which defendant refused to pay, resulting in the instant lawsuit. The trial judge ruled that because there was no agreement as to price, and because the defendant was so “shock[ed]” by the final bill which had been calculated at a rate of twenty cents per square foot, it would only be fair to *741 defendant to charge $36.00 per man hour for a total of $1,440.00, which the trial judge believed would result in plaintiff making a fair profit. The court of appeal affirmed, and this court has granted the instant application filed by plaintiff in order to correct ^errors of law made by the lower courts.
In Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 574 (La.1989), this court recognized that the fact the amount of compensation a party is to receive for his services was not agreed upon does not vitiate the contract. Instead, the law will imply in the contract a provision that the party “would be paid a reasonable sum for his services.” This court defined a “reasonable sum” as including “actual cost, including general overhead attributable to the project, and a reasonable profit.” The Louisiana Civil Code also recognizes the viability of such contracts lacking an agreed-upon price and gives courts guidance in determining what is a “reasonable sum.” Article 2054 (emphasis added) provides:
When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.
“Equity” and “usage” are defined in Article 2055 as follows:
Equity, as intended in the preceding articles, is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another.
Usage, as intended in the preceding articles, is a practice regularly observed in affairs of a nature identical or similar to the object of a contract subject to interpretation.
Considering both the equity in this case as well as the usage, or method of pricing commonly used in carpet cleaning contracts, it is clear both the trial court and the court of appeal erred in implying in the contract a' price based on man hours. Given that both plaintiffs and defendant’s experts on carpet cleaning testified they had never heard of charging by the hour for carpet cleaning, the standard method of pricing for commercial jobs in the industry was by the square foot, and a charge of twenty cents per square foot for this particular job was on the low side given the after hours work and the necessary moving of furniture, it was error for the trial judge to fix a price on any basis other than square footage which was clearly the industry standard for commercial cleaning.[1]
Furthermore, awarding plaintiff an amount computed by man hours as opposed to square footage, not only results in plaintiff failing to receive a “reasonable profit” under Morphy, but |3also results in the plaintiff actually losing money on this contract. There was testimony plaintiff paid one assistant between $200.00 and $260.00 for two nights of work. Plaintiff also hired Econo Clean to assist him in completing the job. Their invoice to plaintiff totaled $1,711.84 and was computed on square footage cleaned by Econo Clean. An award of only $1,440.00 results in a -$471.84 to plaintiff, leaves him uncompensated for his own time spent each night cleaning, and deprives plaintiff of any profit at all, much less a reasonable one.
Furthermore, nobody disputes that defendant received satisfactory service and, given the industry pricing standard, would have had to pay any carpet cleaner twenty cents per square foot or even more. To allow defendant to obtain this service at a price which translates to roughly seven cents per square foot and which necessitates that plaintiff lose money and additionally remain uncompensated for his time results in a windfall to defendant at plaintiffs expense.
Accordingly, we reverse the court of appeal judgment which had affirmed the trial court’s decision and award plaintiff $3,630.64. All costs of this proceeding are assessed against the defendant.
WRIT GRANTED; REVERSED AND RENDERED.
*742 CALOGERO, C.J., would grant and docket.
JOHNSON, J., would deny the writ.

 Marcus, J., not on panel. See Rule IV, Part 2, Section 3.

. It does not appear defendant put on any evidence challenging the accuracy of plaintiffs measurements of his store which resulted in a bill for $3,630.64.