965 So.2d 988 (2007)
IRRIGATION MART, INC., Plaintiff-Appellee
v.
Michael GRAY d/b/a Plantasia f/k/a Clearwater Irrigation, Defendant-Appellant.
No. 42,442-CA.
Court of Appeal of Louisiana, Second Circuit.
September 19, 2007.
Fewell-Kitchens, by Richard L. Fewell, Jr., for Appellant.
Storms & Buerger, by Tyler G. Storms, Eric K. Buerger, Ruston, for Appellee.
Before BROWN, DREW, and MOORE, JJ.
BROWN, C.J.
This action to collect on an open account was filed by Irrigation Mart, Inc., against defendant, Michael Gray d/b/a Plantasia f/k/a Clearwater Irrigation. Between March 2004 and February 2005, Plantasia purchased on account drainage materials from plaintiff. Following Plantasia's failure to pay on the account, plaintiff sued Gray for the principal sum, judicial interest from date of demand, and attorney fees. The trial court found that *990 Gray did not disclose his agency capacity to Irrigation Mart and was thus liable for the $16,741.82 due on the open account, plus judicial interest from the date of demand, all costs, and attorney fees. Gray now appeals. For the reasons contained herein, we affirm.

Facts
Michael Gray was a landscaper. Gray filed articles of organization for MDG Enterprises, LLC, d/b/a Clearwater Irrigation, with the Louisiana Secretary of State on June 21, 2000. Gray, operating as Clearwater Irrigation, opened an account with Irrigation Mart, Inc., for the purchase of landscaping supplies in 2001. Later, Gray filed articles of organization for Arborscapes, LLC, d/b/a Plantasia, and changed the name on his account with Irrigation Mart from Clearwater Irrigation to Plantasia. Gray never disclosed the existence or identities of the two LLCs, MDG Enterprises or Arborscapes.
On August 12, 2005, plaintiff filed a petition seeking to collect the amount due on the open account, which included Plantasia's purchase of drainage materials between March 25, 2004, and February 10, 2005.[1]
Plaintiff obtained a default judgment on February 22, 2006. Gray filed a motion for new trial. Irrigation Mart agreed to a new trial in exchange for Gray's agreement to pay attorney fees of $1,000 incurred in connection with the default judgment.
The matter was tried on September 11, 2006. The trial court rendered judgment on October 2, 2006, ruling in favor of Irrigation Mart and against Gray for the amount on the open account of $16,741.82, plus judicial interest from the date of demand, all costs, and attorney fees as the parties stipulated at 15%.

Discussion
The trial court's written opinion states:
The issue before the court is whether the defendant should bear personal liability for the debts he incurred on behalf of several businesses he operated using trade names for two undisclosed limited liability companies.
The court finds the following facts as proven by a preponderance of the evidence. The defendant took no affirmative steps at the beginning or during the course of the business relationship to disclose to the plaintiff the legal nature of his businesses or his relationship with them. There was insufficient evidence to indicate that the plaintiff should have known that the defendant was operating his businesses other than as a sole proprietorship using various trade names. The very existence of the defendant's two limited liability companies as well as their names was first learned by plaintiff at the trial. The business documents used by the defendant during this period did not indicate a limited liability status of any kind. The business card of the defendant introduced into evidence named the defendant simply as owner for the named businesses (Clearwater and Plantasia) with no indication of a limited liability status. Similarly, the business checks used by the defendant for payment on account gave no indication of a limited liability status. Finally, the defendant testified that he at no time communicated formally or informally to the plaintiff the true nature of his legal relationship with his businesses. In the court's opinion, these *991 actions served to foster the plaintiff's reasonable belief that the defendant was conducting his businesses as a sole proprietor using different trade names.
The defense places much emphasis on the testimony of a former salesman of the plaintiff, Mr. Mobley. During the cross-examination of Mr. Mobley, it became apparent to the court, that Mr. Mobley knew only that the defendant operated as a business. He was unfamiliar with the legalities of defendant's businesses or the defendant's legal relationship with them. The defense also strongly urges the court to consider the fact that the plaintiff sought a continuing guaranty from the defendant and that this therefore imputes knowledge of defendant's adverse legal status to the plaintiff. Considering the testimony of the parties, the time frame and unresponsiveness of defendant toward plaintiff's attempts at collection, the court views the actions of plaintiff as an attempt in their mind to improve their position by having the defendant "sign something else" acknowledging the debt, and as nothing more.
Gray argues that he acted in an agency capacity when contracting with plaintiff. Further, Gray contends that Irrigation Mart received sufficient constructive knowledge of this agency relationship to the extent that he, Gray, never became personally liable for any debts incurred.
A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract. La. C.C. art. 3016. On the other hand, a mandatary who contracts in his own name without disclosing his status as a mandatary does bind himself personally for the performance of the contract. La. C.C. art. 3017. Generally, an agent will be held to have bound himself personally when he enters into an agreement without disclosing the identity of his principal. American Bank and Trust Co. of Coushatta v. Boggs and Thompson, 36,157 (La. App.2d Cir.06/12/02), 821 So.2d 585. The agent has the burden of proving that he disclosed his agency status and the identity of his principal if he wishes to avoid personal liability. Id. However, express notice of the agent's status and the principal's identity is not required to escape personal liability if the agent proves that sufficient evidence of the agency relationship was known by the third party so as to put him on notice of the principal-agent relationship. Id.
Both plaintiff and defendant have framed the issue, as did the trial court, as a factual question. Both sides have strongly supported their positions with recitation of testimony and documentary evidence. A reviewing court may not set aside a district court's finding of fact in the absence of manifest error or unless it is clearly wrong, and where there is conflict in the testimony, inferences of fact should not be disturbed upon review, even though the reviewing court may feel that its own evaluations and inferences are as reasonable. Hanks v. Entergy Corp., 06-477 (La.12/18/06), 944 So.2d 564. In order to reverse a district court's determination of a fact, a reviewing court must review the record in its entirety and conclude that reasonable factual basis does not exist for the finding, and further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Bonin v. Ferrellgas, Inc., 03-3024 (La.07/02/04), 877 So.2d 89. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
The trial court found, the record supports, and, indeed, it is not contested that *992 plaintiff was not aware of the existence of Gray's two limited liability companies, MDG Enterprises, LLC, and Arborscapes, LLC, until trial. Further, the business documents, business cards, and checks used by Gray during his dealings with Irrigation Mart did not indicate a limited liability status. Gray even testified that he at no time communicated formally or informally to the plaintiff that he operated a LLC. Plaintiff's knowledge of the trade names Clearwater Irrigation and Plantasia cannot equate to disclosure of MDG Enterprises, LLC, or Arborscapes, LLC. Generally, an agent will be held to have bound himself personally when he enters into an agreement without disclosing the identity of his principal. Gray had the burden of proving that he disclosed his agency status to plaintiff and the identity of his principal (MDG Enterprises, LLC, and later Arborscapes, LLC) if he wished to avoid personal liability, and, given the facts listed above, the trial court did not commit manifest error in holding that he failed to so do. See American Bank and Trust Co. of Coushatta, supra.

Conclusion
For the reasons set forth above, the judgment of the trial court ordering Michael Gray to pay Irrigation Mart, Inc., $16,741.82 on Gray's open account, with judicial interest from the date of judicial demand until paid, together with all costs of this suit, and attorney fees as stipulated by the parties, is affirmed. Costs of this appeal are to be borne by appellant, Michael Gray.
AFFIRMED.
NOTES
[1] The charges for the materials were $13,694.42 plus finance charges as of the time the suit was filed in the amount of $2,223.48.