# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-673

**PAUL J. ALLAIN, ARCHITECT (APAC)**

**VERSUS**

**TRIPPLE B HOLDING, LLC, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 114617
HONORABLE GERARD B. WATTIGNY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**MARC T. AMY
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Marc T. Amy, and J. David Painter, Judges.

**AFFIRMED.**

**Edward P. Landry**
**Landry, Watkins, Repaske & Breaux**
**Post Office Box 12040**
**New Iberia, LA   70562-2040**
**(337) 364-7626**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Paul J. Allain, Architect (APAC)**

**Michael D. Lopresto**
**203 West Main Street, Suite 200 – Main Mall**
**New Iberia, LA   70560**
**(337) 367-3561**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Roger Lehman**
    **Hector "Buzz" Andersen**

**AMY, Judge.**

The plaintiff claimed that he was retained to perform architectural services on behalf of the defendants and that he was not paid for his efforts. The individual defendants denied the allegations and asserted that they were not liable individually because they were acting on behalf of a limited liability company. Further, the defendants asserted that the portion of the plaintiff's claim seeking reimbursement for subcontractor fees had prescribed. The trial court found that the defendants never disclosed to the plaintiff that they were acting as mandataries for a limited liability company and that they were individually liable for any damages. Further, the trial court determined that the defendants had retained the plaintiff to perform the architectural services but that there was no agreement with regard to the plaintiff's fees. The trial court found that $57,637.50 was reasonable compensation for the plaintiff's work and awarded him that amount. The defendants appeal. For the following reasons, we affirm.

### Factual and Procedural Background

This dispute arises out of the collapse of a business venture that intended to create a privately-owned work release facility in Iberia Parish. The plaintiff, Paul J. Allain, Architect (A Professional Architectural Corporation), filed suit against Triple B Holding, L.L.C., and the individual defendants, Roger Lehman and Hector "Buzz" Andersen d/b/a Louisiana Work Release Systems,[1] alleging that he was retained to provide architectural services for the project and was not paid for those services. Mr. Allain sought $97,650.00 in damages on the basis that the

---

[1] For convenience, we refer to Paul J. Allain, Architect (A Professional Architectural Corporation) and Mr. Allain, invidually, as "Mr. Allain." Additionally, Triple B is also referred to as "Tripple B Holding, L.L.C." and "Triple B Holdings, L.L.C." in the record. We use the spelling in the trial court's judgment dated December 17, 2012. Further, Mr. Andersen's name is occasionally spelled as "Anderson." We use the spelling in the trial court's judgment.

parties had entered into a contract that tied the value of Mr. Allain's compensation to a percentage of construction costs. The record indicates that Triple B was dismissed from these proceedings. Mr. Lehman and Mr. Andersen denied the allegations and asserted that they were acting on behalf of Louisiana Work Release Systems, L.L.C., and were, therefore, not personally liable for any of Mr. Allain's claims.

On the day of trial, the defendants filed an amended answer asserting that the portion of Mr. Allain's claim that sought remuneration for engineering fees had prescribed. The record indicates that the trial court allowed the amendment but that there was little on-the-record discussion of the exception of prescription. Further, the exception of prescription is not specifically mentioned in either the trial court's final judgment or reasons for judgment.

After hearing all the testimony and evidence, the trial court issued reasons for judgment, finding that Mr. Allain agreed to perform services for the defendants and that Mr. Lehman and Mr. Andersen gave Mr. Allain the "go-ahead" to perform the work. However, the trial court found that the parties had not reached an agreement as to Mr. Allain's compensation for the work. Accordingly, the trial court found that a reasonable amount of compensation for Mr. Allain's work was $46,200.00 plus the $11,437.50 that Mr. Allain incurred in engineering fees. Further, the trial court found that Mr. Lehman and Mr. Andersen never disclosed to Mr. Allain that "Louisiana Work Release Systems" was a corporation or limited liability company. Thus, the trial court found that Mr. Lehman and Mr. Andersen were individually liable for Mr. Allain's damages. The trial court subsequently entered judgment against the defendants in the amount of $57,637.50.

The defendants appeal, asserting as error that:

1. The Trial Court erred in finding the Defendants, Roger Lehman and Hector Anders[e]n, liable as principals, instead of Louisiana Work Release, LLC.

2. Alternatively, the Trial Court erred in awarding judgment by calculating the fees due the Plaintiff on an hourly basis for a specific number of hours without the plaintiff meeting his burden of proof for such services.

3. Alternatively, the Trial Court erred in not granting the exception of prescription and awarding judgment in favor of plaintiff for an invoice of a third party for which no collection efforts had been made for over three years.

## Discussion

*Calculation of Damages*

The defendants complain that the trial court erred in its calculation of damages. Additionally, the defendants' argument implies that Mr. Allain failed to prove the existence of a contract.

Louisiana Civil Code Article 1927 provides, in part, that "[a] contract is formed by the consent of the parties established through offer and acceptance. Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." "[T]he fact [that] the amount of compensation a party is to receive for his services was not agreed upon does not vitiate the contract. Instead, the law will imply in the contract a provision that the party 'would be paid a reasonable sum for his services.'" *Bordelon v. Comeaux Furniture & Appliance, Inc.*, 97-2864, p. 2 (La. 2/13/98), 705 So.2d 740, 741 (quoting *Morphy, Makofsky & Masson, Inc. v. Canal Place 2000*, 538 So.2d 569 (La.1989)). The existence (or nonexistence) of a contract is a finding of fact which will not be disturbed unless clearly wrong. *Sam Staub Enterp., Inc. v. Chapital*, 11-1050 (La.App. 4 Cir. 3/14/12), 88 So.3d 690. Similarly, the manifest

error/clearly wrong standard of review applies when factual findings are relevant to the interpretation of a contract. *Clinkscales v. Columns Rehab. & Ret. Ctr.*, 08-1312 (La.App. 3 Cir. 4/1/09), 6 So.3d 1033.

Further, La.Civ.Code art. 1846 requires that, where a contract in excess of five hundred dollars is not reduced to writing, "the contract must be proved by at least one witness and other corroborating circumstances." A party to a lawsuit may serve as his own credible witness. *Tallulah Constr., Inc. v. Ne. La. Delta Cmty. Dev. Corp.*, 07-1029 (La.App. 4 Cir. 4/23/08), 982 So.2d 225. Only general corroboration is required, not independent proof of every detail of his testimony. *Id. See also Ransom v. Ransom*, 10-846 (La.App. 3 Cir. 2/2/11), 54 So.3d 1287.

Our review of the record reveals that the trial court did not err in determining that a contract existed, albeit one for which the price had not been determined. The record indicates that Mr. Allain met with Mr. Andersen and later with Mr. Lehman. After discussing the defendants' requirements, he forwarded two options to Mr. Lehman, which included the square footage of each option and the estimated construction cost for each. Mr. Allain's fee was also included with each option and was calculated as a percentage of the construction cost.

Thereafter, Mr. Lehman contacted Mr. Allain and instructed him that he had spoken with the principals and wanted to move the project forward. According to Mr. Lehman's testimony, Mr. Allain was to design a set of plans for the larger of the two options. Further, Mr. Lehman testified that Mr. Andersen authorized him to hire Mr. Allain. Additionally, the record contains emails, primarily between Mr. Allain and Mr. Lehman, discussing various aspects of the project which corroborate the contractual relationship between the parties. The record also indicates that Mr. Allain produced actual work product for the work release facility

4

project, including schematics, original architectural drawings, and a 429-page project manual, and that he forwarded the plans to the State Fire Marshal's office for approval.

We note that the trial court found that Mr. Andersen's testimony, which included assertions that he never hired Mr. Allain and that he thought they were just discussing the feasibility of the project, was "incredible and unbelievable." Accordingly, we find no error in the trial court's conclusion that the defendants retained Mr. Allain to perform architectural services for the work release facility project. Further, we find no error in the trial court's finding that that the parties had not agreed upon a price, based primarily on the observation that there was no testimony or evidence that the parties had discussed the fees and that defendants never signed and returned the AIA contract which included the calculation of Mr. Allain's fees.

A trial court's award of damages for breach of contract is subject to the abuse of discretion standard of review. *Tallulah Constr.*, 982 So.2d 225. The defendants' main objection to the trial court's award of damages is that Mr. Allain's testimony was insufficient to prove the reasonable value of his services. We find no merit to this allegation. In *Morphy*, 538 So.2d at 575 (quoting *Jones v. City of Lake Charles*, 295 So.2d 914 (La.App. 3 Cir. 1974), the supreme court stated that "'[t]here is no specific test which must be applied to determine the reasonable value for such services. It is a matter of equity depending on the circumstances of each case.'"

Here, Mr. Allain testified that he worked on this project from late July of 2008 until mid-October of 2008. According to his testimony, although he had a few small residential projects, this was his primary project. Mr. Allain testified

that he did not keep time sheets and did not think that he would be able to accurately reconstruct his time. However, he opined that it "didn't matter" because he was charging a percentage of the construction costs. Further, Mr. Allain testified that his hourly rate was between $75.00 and $125.00 per hour, although he conceded that, at his deposition, he had stated that his fee was $75.00 per hour.

Given this evidence, the trial court accepted Mr. Allain's testimony concerning the approximate amount of time that he spent on the project and awarded him compensation equal to seventy-seven days of work at eight hours per day at $75.00 per hour. We observe that there is additional evidence corroborating Mr. Allain's assertion that he essentially worked non-stop on the project, which included testimony that the project was a "fast track" project and that the defendants wanted the work release facility to be operational by late December of 2008. Further, the trial court found that the invoice for engineering services was a "reasonable cost[] to be paid in connection with the hiring of Allain by defendants." Accordingly, we find no abuse of discretion in the trial court's award of damages.

The defendants' assignment of error with regard to the trial court's damage award is without merit.

*Liability of Individual Defendants*

On the basis that they were acting as mandataries of Louisiana Work Release Systems, L.L.C., the defendants also contend that the trial court erred in finding that they are individually liable for Mr. Allain's damages. Louisiana Civil Code Article 3017 states that "[a] mandatary who contracts in his own name without disclosing his status as a mandatary binds himself personally for the performance of the contract." The mandatary has the burden of proving that he

6

disclosed his status as a mandatary and the identity of the mandator. *Irrigation Mart, Inc. v. Gray*, 42,442 (La.App. 2 Cir. 9/19/07), 965 So.2d 988. However, if there is sufficient evidence that the mandate was known by the third party so as to put him on notice of the relationship, that disclosure need not be express. *Id. See also Wirthman-TAG Constr. Co., L.L.C. v. Hotard*, 00-2298, 00-2299 (La.App. 4 Cir. 12/19/01), 804 So.2d 856.

This principle is illustrated in *Brown v. Ardoin*, 95-256 (La.App. 3 Cir. 10/4/95), 663 So.2d 194, wherein a panel of this court addressed the liability of corporate representatives who failed to disclose their representative status. The court stated:

> When a corporate officer or agent contracts on behalf of the corporation, he has the duty to disclose his representative status and the identity of his principal in order to avoid personal liability under the contract. However, the mere use of a tradename is not necessarily a sufficient disclosure by the individual that he is in fact contracting on behalf of a corporation so as to protect him against personal liability. *The facts and circumstances of each case* determine whether or not the individual sufficiently disclosed that he was acting in a representative capacity so as to alert the other contracting party that the contract was with a corporation.

*Id.* at 198 (quoting *Transport Refrigeration of La., Inc. v. D'Antoni*, 281 So.2d 469, 471 (La.App. 4 Cir. 1973)).

Here, the trial court issued reasons for judgment. With regard to the individual liability of the defendants, the trial court found that:

> However, neither [Mr. Lehman nor Mr. Andersen] informed Allain that they were employed by the LLC. Neither of them informed Allain that they were acting on behalf of a[n] LLC and not individually in their dealings with Allain. They did not comply with their duty as an agent to disclose their capacity and escape personal liability in this matter. All of the evidence in this matter indicates that Allain was never informed or received any documentation until after he completed all of his work that Andersen and Lehman may have been agents of a[n] LLC.

7

The evidence supports the testimony of Allain relative to dealing with two individuals. [Plaintiff's Exhibit #1] contains all of the e-mails between Lehman, Andersen and Allain. They were all individually forwarded by Lehman and Andersen to Allain or by Allain to the two individuals, Lehman and Andersen. Not one e-mail from Lehman and Andersen to Allain indicate[s] any corporate or LLC affiliation of Lehman and Andersen. Not one e-mail from Allain to Lehman and Andersen indicate[s] any corporate or LLC affiliation of Andersen and Lehman. On the other hand, almost every e-mail and all of the billings and letterheads sent by Allain to Lehman and Andersen indicate[s] the professional architectural corporation of Allain. Additionally the AIA document [] which is the contract sent by Allain to Lehman and Andersen does not indicate any corporate or LLC association of Louisiana Work Release. The document does, however, reflect the professional architectural corporation of Allain. The testimony also reflects that when this contract was sent to Andersen and Lehman for signature, that initially Allain erroneously showed the owner as Juvenile Detention Facility. At the request of Andersen and Lehman, Allain was advised to change that to Louisiana Work Release. Allain did this and returned the document to Andersen and Lehman for execution. The two individuals never advised Allain that in fact the owner was an LLC or corporation and not the two individuals doing business as Louisiana Work Release.

Lehman testified that he never told Allain he was working for an LLC or a corporation and his card did not indicate that.

Anders[e]n testified that he told Allain at the Darnall Road property the first day that Andersen's LLC had a contract with Iberia [Parish] Sheriff Ackal for a work release facility. As set forth in these Reasons this Court does not give any weight to Andersen's testimony. Allain denies this testimony and the Court believes Allain.

The only other indication is that much later, after Allain completed his work, defendants say they sent a check from their LLC to pay Allain's bill for $662.57, dated November 12, 2008, for printing and reproductions for the submissions to the Fire Marshal[]. However, this check was sent after the fact. Additionally, Allain said he never saw the check. Allain testified that he was only told by his secretary that the invoice had been paid. Even assuming this is true, it does not affect the dealing and representation of Lehman and Andersen during the work done by Allain. It therefore bears no relevance or weight.

Our review of the record reveals ample support for the trial court's findings of fact. Thus, we find no error in the trial court's determination that Mr. Andersen and Mr. Lehman did not disclose their status as representatives of Louisiana Work

8

Release Systems, L.L.C., and that Mr. Andersen and Mr. Lehman are individually liable. *See Irrigation Mart*, 965 So.2d 988; *Martin Home Ctr., Inc. v. Stafford*, 434 So.2d 673 (La.App. 3 Cir. 1983).

The defendants' assignment of error with regard to individual liability is without merit.

*Prescription*

Finally, the defendants contend that Mr. Allain's claim for reimbursement for engineering expenses has prescribed. The defendants contend that no collection efforts took place within three years after Craig Hebert Engineering, LLC submitted its invoice on October 28, 2008. Accordingly, they suggest that the three-year statute of limitations has expired and that they are not liable for this debt.[2]

Prescription is a peremptory exception which is provided for in La.Code Civ.P. art. 927. Evidence in support or contravention of the exception may be introduced if the grounds are not apparent from the petition. La.Code Civ.P. art. 931. An appellate court reviews the exception under the manifest error standard of review if evidence is introduced in support or contravention of the exception. *Dugas v. Bayou Teche Water Works*, 10-1211 (La.App. 3 Cir. 4/6/11), 61 So.3d 826. If not, the appellate court "simply determines whether the trial court's finding was legally correct." *Id.* at 830. Generally, the burden of proof lies on the party pleading the exception of prescription. *Id.* However, if it is apparent from the face

___

[2] "Creditors and other persons having an interest in the acquisition of a thing or in the extinction of a claim or of a real right by prescription may plead prescription, even if the person in whose favor prescription has accrued renounces or fails to plead prescription." La.Civ.Code art. 3453. The record indicates that the exception of prescription was formally submitted to the trial court on the day of trial, but that there was no argument on that issue. The trial court's judgment signed on December 17, 2012, states that "the exceptions filed on behalf of defendant be and are hereby DENIED[.]" Accordingly, we conclude that the exception of prescription was submitted to the trial court and was denied.

of the pleadings that prescription has occurred, the burden shifts to the plaintiff to show that the action has not prescribed. *Id.*

Assuming that the engineering services at issue herein are subject to the three-year liberative prescription period contained in La.Civ.Code. art. 3494 for "compensation for services rendered, including . . . professional fees" or "action[s] on an open account[,]" our review indicates that prescription is not apparent from the face of the record. Further, we observe that, although there was no argument on the issue of prescription at trial, evidence was taken concerning the debt that Mr. Allain incurred for engineering services. Accordingly, the burden of proof lies on the defendants to prove that prescription occurred, and our review of this issue is subject to the manifest error standard of review.

We find no merit to the defendants' arguments. In the petition and amended petition, Mr. Allain seeks damages based on the alleged contractual relationship between the parties. There is no mention of any claim on behalf of Craig Hebert Engineering, LLC. The trial court found that a contract existed, although there was no agreement as to fees. Having so determined, the trial court's award of the amount of fees incurred for engineering services was part of the trial court's determination of the "reasonable value" of Mr. Allain's services. *Morphy*, 538 So.2d at 575. As previously discussed, we have found no abuse of discretion in the trial court's award of damages.[3]

---

[3] Further, we observe that Mr. Allain testified that he had spoken with the engineers "assuring them that after this settlement that we will make payment and they said that would be acceptable. And, so irregardless [sic] of what happens I'm obligated to pay them." Although the record is unclear as to the timing of any discussions between Mr. Allain and the engineers, this statement could be construed as an indication that prescription had been interrupted by acknowledgement. La.Civ.Code arts. 3464 and 3466. *See also Lima v. Schmidt*, 595 So.2d 624 (La.1992), *superseded on other grounds in Jenkins v. Starns*, 11-1170 (La. 1/26/12), 85 So.3d 612.

Accordingly, the record supports a conclusion that the defendants failed to meet their burden of proof with regard to the exception of prescription, and we find no error in the trial court's rejection of that exception.

## DECREE

For the foregoing reasons, we affirm in all respects the trial court's judgment dated December 17, 2012, in favor of the plaintiff, Paul J. Allain, Architect (A Professional Architectural Corporation). Costs of this appeal are allocated to the defendants, Roger Lehman and Hector "Buzz" Andersen.

**AFFIRMED.**