HANS J. LILJEBERG, Judge.
I ¡¿Defendants, Max and Carol Burnell, appeal the trial court’s judgment in favor of plaintiff, DBR Associates, L.L.C. (“DBR”), awarding it $55,000.00, plus interest and costs, for renovation and repair work. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY

In October of 2005, Max Burnell and the managing member of DBR, Kenneth Pri-eur, entered into an oral agreement for DBR to repair and renovate three properties in Kenner owned by Max and/or Carol Burnell that were damaged by Hurricane Katrina. These three properties included the Burnells’ home-located on Lake Trail Drive, a rental property located on Kansas Avenue, and an office building located on Lexington Avenues 'The parties agree that the oral agreement did not include a set price or an hourly rate for the work; rather, the amount depended on the type and *1227 extent of the work. DBR would perform the necessary work and periodically send invoices to the Burnells as the work progressed.
l.gOn July 30, 2007, Kenneth Prieur, on behalf of DBR, sent a letter to the Bur-nells via facsimile. This letter provided that the majority of the restoration work at the Lake Trail property had been completed, with a few items left to be done upstairs and a few “punch out” items throughout the property. Along with the letter, Mr. Prieur sent documents entitled, “Wind Damage Recap” and “Flood Damage Recap” for the Lake .Trail property, which- set forth the charges for the work performed. Mr. Prieur. also provided a document which indicated that the “Final Total owed to DBR” was $96,421.40, and another document entitled, “To Date Statement for Lake Trail,” which summarized the invoices and the payments made, and indicated that the balance due was $66,019.40.
In early 2008, Carol Burnell sent three checks to DBR, totaling $66,019.40. In January of 2008, she sent a check to DBR for $14,500.00, and in February of 2008, she sent a check for $40,019.40, with “Lake Trail Dr.” in the memo section of each check. She also sent a check for $11,500.00 in April of 2008, with “Lake Trail Dr. — Final Payment” in the memo section. According to Mr. Prieur, he did not apply these checks to the July 31, 2007 statement for work performed at the Lake Trail property. He testified that these checks were first applied to the older past-due statements, which were primarily based on work performed on the Kansas and/or Lexington properties. . Mr. Prieur testified that all of the, checks received from the Burnells were applied to DBR’s work on all three properties, .as all- of the work arose from one oral agreement between the parties. According to Mr. Pri-eur, after applying these funds to the older statements, there remained a balance due of $55,000.00 for the work that was performed on the Lake Trail property.
At trial, DBR was unable to produce the invoices from the work performed op the Kansas and Lexington properties to show the exact amount of the older |4past-due statements to which the payments were applied.[1] However, DBR introduced a letter dated December 9, 2008, from Mr. Prieur to the Burnells, referencing the. federal litigation against the Burnells’ flood insurer and providing as follows:
This letter will' acknowledge that the current amount of $55,000.00 due-and payable to Kenneth M. Prieur, DBR Associates, represents work completed in connection with repair of Hurricane Katrina damage.
It is, hereby, mutually agreed that any and all work done by Mr. Prieur, DBR, and its employees toward the settlement of the referenced ease is not to be performed on a contingency basis. As such, the monies due, as detailed herein, are not subject to the,outcome or final disposition of the referenced lawsuit.. Said •monies are due and payable regardless of the outcome of this matter.
*1228 Please sign and accept this acknowl-edgement in the space-provided, herein below, and return one copy to us.
The bottom of this letter reads, “Accepted this 9th day of Dec!,- 2008,” and Mr. Burnell signed'just below it.’
DBR also introduced a copy of an email dated October 28, 2008, from Mr. Burnell to Mr. Prieur, with the' heading, “Lake Trail & Kansas data,” providing, in pertinent part, as follows:
I would like to apologize again about not having paid you the last amount we owe. It is not our way of doing business. As I had told you we are more than anxious to pay you what you are due. I would be happy to agree to pay you the $50,000 that is left plus a bonus of 5% for helping us to complete this effort to capture what is due you and us. That would make the amount $52,500. As you can see on the spreadsheet, Fidelity owes us about $114,000 for Lake Trail and $10,000 for Kansas;
IftAlthough Mr. Burnell sent the email acknowledging that $50,000.00 was due to DBR and signed the letter admitting that $55,000.00 remained due to DBR, the Bur-nells made no further payments to DBR. After sending demand letters to the Bur-nells, DBR filed this lawsuit on December 8, 2010, alleging claims pursuant to the Louisiana open account statute, -La. R.S. 9:2781, and alternatively, for breach of contract. The Burnells answered the suit and filed a reconventional demand against DBR, alleging that DBR failed to supply the necessary documentation for their insurance claim, which constituted “a serious breach of the construction contract and of the duty owed to them by DBR” and resulted in the Burnells receiving “many thousands less” from the insurance company than they would have received if DBR had cooperated. The.Burnells also filed an amended reconventional demand, alleging that DBR overcharged them for work it did not perform.
Trial of this matter was held on January 20, 2015. The trial court heard the testimony of Kenneth Prieur, Connie Williams, Max Burnell, Carol Burnell, and Robert Abdalian. .Many exhibits were also admitted into evidence. At the conclusion of trial, the parties were given additional time to submit post-trial memoranda.
On March 9, 2015, the trial court rendered a judgment in favor of DBR and against the Burnells in the amount of $55,000.00, plus interest and costs from the date of judicial demand. In its reasons for judgment, the trial court found that a contract existed between the parties and that the Burnells breached the contract by failing to pay DBR the $55,000.00 due. The court further stated that the Burnells knew that they owed $55,000.00 to DBR, as shown by the December-2008 “acknowl-edgement” signed by Mr. Burnell and Mr. Burnell’s October 2008 email | cto Mr. Pri-eur, but failed to pay nonetheless. The trial court also found no merit to the Bur-nells’ claims in their reconventional demand.
On March 24, 2015, DBR filed a motion to-tax costs and-for new trial, asserting that the commencement date for interest should be- the date of the contractual breach, December 10, 2008, not the date of judicial demand. On March 31, 2015, Max and Carol Burnell filed a motion for new trial, asserting that DBR did not meet its burden-of proof at trial and that the judgment was contrary to. the law and evidence. A hearing on these motions was held on May 19, 2015. At the hearing, the trial court granted DBR’s motion for new trial, which was not opposed by the Bur-nells. On June 1, 2015, the trial court rendered a judgment denying the motion for new trial filed by the Burnells. Finally, on June 24, 2015, the trial court signed *1229 a “final judgment” awarding $55,000:00 to DBR, granting DBR’s motion for new trial, awarding $1,774.72 in costs to DBR, and awarding interest from December 10, 2008. The Burnells appeal.

LAW AND DISCUSSION

On appeal, the Burnells set forth the following three assignments of error:
1) The district court erred by giving preclusive effect to an ambiguous document it termed an “acknowledgement,” where, to give it preclusive effect, the court ignored Louisiana statutory law requiring that the debt- or be permitted to impute payments to one of several debts.
2) The court compounded its legal error by disregarding that the debt was paid in full as revealed by defendants’ documentary evidence where there was no countervailing evidence produced by plaintiff showing any debt owed.
3) The court ignored and violated the statutory mandate that is enunciated by C.C. art. 1864 that allows a debtor who owes several debts to an obligee the right to impute payment to the debt he intends to pay.
The Burnells note that the July 31, 2007 statement for the Lake Trail property indicated that $66,019.40 was due and owing for work performed on this |7property. They argue that because Mrs. Burnell wrote three checks in 2008 to DBR, totaling $66,019.40, and noted Lake Trail on each check, this amount should have only been imputed to the statement for the Lake Trail property, pursuant to La. C.C. art. 1864.[2] They contend that the debt arising from work performed on the Lake Trail property was extinguished, because it was paid in full. ■ The -Burnells further contend that the petition in this ease seeks recovery only for the debt arising from work performed on the Lake Trail property-and thus, DBR cannot recover for any work performed on-the Kansas or Lexington properties under the allegations of the petition.
DBR responds that there was only one contract between the parties and only one contractual debt, regardless of whether the $55,000.00. balance was incurred through work on the Lake Trail, Kansas, or Lexington properties. It further argues that it did not limit its claims , in the petition only to the sums due for work performed on the Lake Trail property. Rather, it notes that the petition-indicates that the oral agreement -was for DBR to perform all the work necessary to repair and renovate several properties 'owned or managed by the Burnells, and DBR -would periodically send invoices for the work performed^ It notes that the petition further refers to the document signed by Mr. Burnell on December 9, 2008, admitting or acknowledging that the. Burnells still owed $55,000.00 to DBR, without any reference to a particular property for which this debt was incurred.
A Contract is formed by the consent of the ■ parties established through offer and acceptance. La. C.C. art. 1927. Unless-the law prescribes a certain formality for-the intended’contract, offer and acceptance may be made orally. Id.; Read v. Willwoods Cmty., 14-1475, p. 5 (La.3/17/15), 165 So.3d 883, 887. If the amount of compensation a party is to receive for his services was not agreed upon when the contract was formed, the law will *1230 imply in the contract a provision that the party would be paid a reasonable sum for his services. Bordelon v. Comeaux Furniture & Appliance, Inc., 97-2864, p. 2 (La.2/13/98), 705 So.2d 740, 741; Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 574 (La.1989).
La. C.C. art. 1846 provides that an oral contract in excess of $500.00 must be proven by at least one credible witness and other corroborating circumstances. Only genera! corrobation is required, and it is not necessary for the plaintiff to offer independent proof of every detail. Peter Vicari Gen. Contr., Inc. v. St. Pierre, 02-250, p. 8 (La.App. 5 Cir. 10/16/02), 831 So.2d 296, 301.
The existence or non-existence of a contract is a finding of fact which will not be. disturbed unless it is, clearly wrong. Attain v. Tripple B Holding, L.L.C., 13-673, p. 3 (La.App. 3 Cir.-12/11/13), 128 So.3d 1278, 1282. Similarly, the manifest error or clearly wrong standard of review applies when factual findings are relevant to the interpretation of a contract. Id.
In its reasons for judgment, the trial court found that a contract existed between the parties and that the Burnells breached the contract by failing to pay DBR the remaining $55,000.00- due for the work it performed. It further noted that although the Burnells argued that the amount owed was due on the Kansas or Lexington properties, not the Lake Trail property, it did not negate the Burnells’ obligation to pay DBR for the work it performed on these properties.
Our review of the record reveals that the trial court did not err by finding that a contract existed between the parties or that the Burnells breached the contract by failing to pay the $55,000.00 due for the work performed by DBR; The testimony and evidence clearly show that the parties entered into an oral 1 ¡¡contract for DBR to repair three properties owned by the Bur-nells. Both Mr. Prieur and Mr. Burnell testified regarding their agreement and the exhibits corroborate the existence and general terms of the agreement. There was one oral contract between the parties and, pursuant to this contract, the Burnells were bound to pay for the work performed on each of the three properties.
Even if DBR had been required to impute the $66,019.40 in payments to the July 31, 2007 statement arising from work solely on the Lake Trail property, the Burnells would still be required to pay the balance due for work on the other properties. DBR’s petition refers to the parties’ oral agreement for DBR to repair all three properties. While the petition states that the $55,000.00 was due for work on the Lake Trail property, it also references the December 9, 2008 letter signed by Mr. Burnell which indicates that $55,000.00 remained due to DBR and does not reference any particular property. In its petition, DBR also pleads, in the alternative to its open account claim, that “the Burnells have breached their contract with DBR by refusing to pay it for the work DBR performed.” The allegations of the petition are sufficient to allow recovery for work performed on any of the three properties pursuant to the parties’ oral contract/
The Burnells also argue that although Mr. Burnell wrote an email to Mr. Prieur in October of 2008, well after Mrs. Burnell sent the checks totaling $66,019.40 to DBR, and apologized for not paying the $50,000.00 owed, he did not believe they owed this amount to,DBR. At trial, Mr. Burnell testified that he wrote the October 28, 2008 email, because Mr. Prieur had been requesting payment from the Bur-nells and,he did not want to fight with him because they needed his help in the federal litigation against their flood insurer. The *1231 Burnells also contend that although Mr. Burnell signed the December 9, 2008 letter admitting that $55,000.00 remained due to DBR, he did not believe this amount [ inwas owed. Mr. Burnell stated that Mr. Prieur gave the letter to him just before Mr. Prieur’s deposition in the federal litigation began and said, “You need to sign this.” Mr. Bunnell stated that he read and signed the document because he feared that Mr. Prieur would refuse to help 'him in the federal litigation if he did not sign the document as requested. Mr. Burnell admitted that his attorney, Mr. Abdalian, was present at the deposition and that he could have consulted with him before signing the document. Although the Burnells claim that the document was signed “under duress,” Mr. Burnell also admitted that Mr. Prieur did not make any threats when he gave the letter to Mr. Burnell.
The trial court found that the Burnells did not show that the letter was signed under duress, noting that La.’ C.C. art. 1962 provides that a threat of doing a lawful act or the threat of exercising a right does not constitute duress. We find no error in the trial court’s finding that Mr. Burnell did not sign the December 9, 2008 letter under duress.
Finally, the Burnells contend that the trial court erred by awarding $55,000.00 to DBR, because DBR did not produce the necessary, accounting records to show that $55,000.00. was due and Mr. Prieur could not remember the exact dollar amount due. At trial, Mr. Prieur testified that the amount due was “within a couple of dollars of’ $55,000.00, or “less than a hundred bucks of’ $55,000.00. It is also noted that the Burnells’ attorney in the federal litigation,. Mr. Abdalian, testified at trial that he believed it was discussed in December of 2008, at a meeting or Mr. Prieur’s deposition, that approximately $50,000.00 was still due to DBR from the Burnells.
A trial court’s award of damages for breach of contract is subject to the abuse of discretion standard of review. Hernandez v. Martinez, 00-1282, p. 11 (La.App. 5 Cir. 2/28/01), 781 So.2d 815, 821; Attain, 13-678 at 5,128So.3d at 1288. |nBased on the testimony and evidence, particularly the December 9, 2008 letter, we cannot say that the trial court abused its discretion by awarding $55,000.00 to DBR.
In conclusion, after thoroughly reviewing the record and the applicable law, we find no merit in the arguments set forth by the Burnells on appeal. Accordingly, we affirm the trial court’s judgment.

DECREE

For the foregoing reasons, we affirm the trial court’s judgment in favor of DBR for $55,000.00, plus interest from December 10,2008, and costs.

AFFIRMED

. According to Mr. Prieur and DBR's project manager, Connie Williams, they gave DBR’s file containing the original statements or invoices to Robert Abdalian, an attorney who was representing the Burnells in federal litigation against their flood insurer, Fidelity National Property and Casualty Insurance Company. They maintain that Mr. Abdalian was supposed to copy the documents in the file and return them, but he never returned them. Mr. Abdalian, however, testified at trial that he received scanned documents or copies of some documents, but he "certainly didn't have any original documents.” He testified that he had no recollection of receiving original documents, but if he had received them, he would have made copies and returned them the same day.

. La. C.C. art. 1864 provides:
An obligor who owes several debts to an obligee has the right to impute payment to the debt he intends to pay.
‘ The obligor's intent to pay a certain debt may be expressed at the time of payment or may be inferred from circumstances known to the obligee.