# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 21-542

**PAUL DINH**

**VERSUS**

**GULF SOUTH INC., ET AL.**

************

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF VERMILION, 104095
HONORABLE DAVID M. SMITH, DISTRICT JUDGE

***********

**SYLVIA R. COOKS**
**CHIEF JUDGE**
***********

Court composed of Sylvia R. Cooks, Chief Judge, Van H. Kyzar and Charles G. Fitzgerald, Judges.

**AFFIRMED.**

**Ahn "Joseph" Cao**
**Amy E. Schapansky**
**Cao Law Firm**
**1440 Lapalco Blvd.**
**Harvey, LA 70058**
**(504) 367-5001**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
   **Paul Dinh**

**Kevin P. Merchant**
**Phillip M. Smith**
**NeunerPate**
**One Petroleum Center, Suite 200**
**1001 West Pinhook Road**
**Lafayette, LA 70503**
**(337) 237-7000**
**COUNSEL FOR DEFENDANTS/APPELLEES:**
   **Gulf South, Inc., Vui Nguyen and Vinh Tran**

**COOKS, Chief Judge.**

Plaintiff-appellant, Paul Dinh, appeals the trial court's dismissal of his personal injury lawsuit against Defendants, Gulf South Inc., Vui Nguyen and Vinh Tran, on the grounds of prescription. For the following reason, we affirm.

## FACTS AND PROCEDURAL HISTORY

On February 25, 2016, Plaintiff alleged an accident occurred while he was working as a deckhand on the F/V *Princess Mary*. Plaintiff alleged he was assisting the master of the F/V *Princess Mary* load a lifeboat onto the vessel. While loading the lifeboat with the use of a forklift, Plaintiff was pinned between an I-beam and the lifeboat, causing him significant injuries.

The dock from which the lifeboat was being loaded, as well as the forklift, was owned by Gulf South, Inc. Although Plaintiff was not employed by Gulf South, Plaintiff argued Gulf South negligently entrusted this equipment to the Captain of the F/V *Princess Mary*.

On November 6, 2017 (one year and eight months after the accident), Plaintiff filed a Petition for Damages against Defendants, Gulf South, Vui Nguyen and Vinh Tran. Plaintiff maintained he was a Jones Act seaman, thus, all three defendants were liable to him pursuant to federal general maritime law and the Jones Act, 46 U.S.C.A. § 30104. On December 12, 2017, Defendants answered Plaintiff's petition and asserted as an affirmative defense that all of Plaintiff's claims were prescribed under Louisiana law. According to Defendants, the matter was not pursued for several years until Plaintiff began pursuing discovery again late in 2020. Therefore, on February 3, 2021, Defendants filed a peremptory exception of prescription, asserting Plaintiff's claims against them arose under Louisiana state law and were subject to a one-year prescriptive period and not the three-year prescriptive period which applies to Jones Act tort claims.

Defendants maintained Paragraphs 11 and 12 of Plaintiff's petition asserted that the injuries and damages sustained by Plaintiff were due to the "negligent entrustment" and/or "negligence" of Defendants, both of which are causes of action under Louisiana law. Defendants concluded, to the extent Plaintiff has any claims under maritime law, then those could only be against his Jones Act employer, who was not named as a defendant in the lawsuit.

Plaintiff filed an opposition to Defendants' peremptory exception of prescription, asserting his claims met the requirements for a maritime tort under the Jones Act and were subject to a three-year prescriptive period. The trial court held a contradictory hearing on April 19, 2021. It was noted by Defendants that they did not employ Plaintiff or the captain of the F/V *Princess Mary*, nor did they own the boat. While noting that the Plaintiff might well have a maritime claim against his employer and/or owner of the boat, it did not have one against Defendants. Counsel for Plaintiff acknowledged in open court that "Plaintiff has settled his claims with the vessel owner out of court. All of his Jones Act claims were settled without filing suit, prior to [the] bringing of this case." The trial court agreed with Defendants and granted the exception of prescription, dismissing Plaintiff's claims with prejudice. This appeal followed.

**ANALYSIS**

This court has previously discussed the applicable standard of review regarding an exception of prescription:

> The exception of prescription is governed by La.Code Civ.P. art. 927. The standard of review of a grant of an exception of prescription is determined by whether evidence was adduced at the hearing of the exception. If evidence was adduced, the standard of review is manifest error; if no evidence was adduced, the judgment is reviewed simply to determine whether the trial court's decision was legally correct. *Allain v. Tripple B Holding, LLC*, 13-673 (La.App. 3 Cir. 12/11/13), 128 So.3d 1278. The party pleading the exception of prescription bears the burden of proof unless it is apparent on the face of the pleadings that the claim is prescribed, in which case the plaintiff must prove that it is not. *Id.*

3

*Arton v. Tedesco*, 14-1281, p. 3 (La.App. 3 Cir. 4/29/15), 176 So.3d 1125, 1128, *writ denied*, 15-1065 (La. 9/11/15), 176 So.3d 1043. As there was no evidence introduced at the hearing on the exception of prescription, this court must simply determine whether the trial court's ruling was legally correct.

Under La.Civ.Code art 3492, "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." In this case, the accident occurred on February 25, 2016, and the pending lawsuit was filed on November 6, 2017, one year and eight months after the accident. Thus, since Plaintiff's petition has prescribed on its face, the burden shifts to Plaintiff to prove that the claim has not prescribed. *Carter v. Haygood*, 04-646 (La. 1/19/05), 892 So.2d 1261.

Plaintiff has maintained that maritime law, through the Jones Act, is applicable to the instant case. Plaintiff asserted he was a seamen under the Jones Act, and was in that capacity when he was injured herein. The Jones Act provides that a seaman injured in the course and scope of his employment may bring a cause in negligence against his employer. 46 U.S.C.A. § 30104. "In order for a plaintiff to recover from his employer under either the Jones Act, or general maritime law, the plaintiff must be a seaman injured aboard a vessel in navigation." *Denoux v. Vessel Mgmt. Servs., Inc.*, 07-163, p. 4 (La.App. 4 Cir. 7/11/07), 964 So.2d 1081, 1084, *aff'd in part, vacated in part on other grounds*, 07-2143 (La. 5/21/08), 983 So.2d 84; (citing *Pavone v. Miss. Riverboat Amusement, Ltd.*, 52 F.3d 560 (5th Cir.1995)).

In support of its exception of prescription, Defendants maintained the Louisiana Supreme Court case of *Denoux*, 983 So.2d 84, was controlling in this matter. In *Denoux*, the plaintiffs alleged they were seamen and employees of Vessel Management Services (VMS) working aboard the M/V *Belle*. It was alleged they suffered injuries by being exposed to toxic paint during their work on the *Belle*.

4

Plaintiffs sued, among others, Glidden, the manufacturer of the allegedly toxic paint. As the court noted, the "allegations against Glidden were based solely on Louisiana law, specifically alleging negligence and product liability." *Id.* at 86. Glidden filed an exception of prescription arguing Plaintiff's action was governed by the one-year prescriptive period set forth in La.Civ.Code art. 3492. Plaintiffs argued their claims were governed by the three-year prescriptive period set forth in the Jones Act. Plaintiffs maintained their injuries were sustained entirely aboard the *Belle* by seamen employees of VMS. They further argued the cause of action against Glidden arose at a maritime location and in a maritime context, thus the Jones Act applied.

The Supreme Court held in *Denoux* that the plaintiffs, while having maritime claims against their Jones Act employer (VMS), had no maritime claim against Glidden. Those claims, which were based on negligence and products liability under Louisiana law, were subject to the one-year prescriptive period of La.Civ.Code art. 3492.

In the present case, as in *Denoux*, Plaintiff alleged he was a seaman under the Jones Act. The alleged cause of action against these Defendant, as set forth in Paragraphs 11 and 12 of the petition, asserted the damages and injuries sustained were due to the "negligent entrustment" of the forklift and/or the "negligence" of Defendants. As was established at the hearing, Defendants herein were not the Jones Act employer of Plaintiff nor were they the owner of the vessel. It was also acknowledged at the hearing that "Plaintiff has settled his claims with the vessel owner out of court. All of his Jones Act claims were settled without filing suit, prior to bringing of this case." We agree with Defendants that, as in *Denoux*, the key facts in the present case are similar. The claims involved are negligence claims asserted against a non-employer defendant.

Plaintiff argues in brief that *Denoux* is distinguishable because the seamen in that case failed to assert their claims under the Jones Act or general maritime law.

However, this is incorrect. The seamen plaintiffs in *Denoux* "filed their suit pursuant to the Jones Act, 46 U.S.C. § 688, the 'savings to suitors clause,' and under the general maritime law."[1] *Id.* A simple allegation that an incident arose under maritime law is not enough, and the factual allegations in the petition must be sufficient for maritime law to apply.

Plaintiff also argues the Admiralty Extension Act (AEA), 46 U.S.C.A. § 30101(a), applies in this case. The AEA extended admiralty jurisdiction to certain injuries caused by a vessel on navigable waters but consummated on land. 46 U.S.C.A. § 30101(a) provides:

> The admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land.

Although the bounds of admiralty jurisdiction have been expanded by the AEA to include certain injuries consummated on land, the jurisprudence still dictates that a tort is maritime in nature and within the admiralty tort jurisdiction only if it satisfies two tests. First, the tort must have occurred on navigable waters or, if the injury is suffered on land, must have been caused by a vessel on navigable waters. Second, the tort must bear a significant connection to a traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 115 S.Ct. 1043 (1995); *Quinn v. St. Charles Gaming Co., Inc.*, 01-794 (La.App. 3 Cir. 2/6/02), 815 So.2d 963, *writ denied*, 02-694 (La. 4/12/02), 813 So.2d 412. Plaintiff notes maritime jurisdiction may be invoked under the AEA if the proximate cause of the injury on land is negligence of the vessel or its defective appurtenances.[2] Plaintiff acknowledged the forklift was not an appurtenance, instead arguing the lifeboat or

---

[1] 46 U.S.C. § 688 is the prior designation of 46 U.S.C.A. § 30104. It was redesignated in 2008.

[2] An appurtenance is defined as any identifiable item that is "essential to the vessel's mission, the vessel cannot perform the mission without the appurtenance, despite the appurtenance being 'readily removable.'" *Parks v. Pine Bluff Sand & Gravel Co.*, 97-682 (La.App. 3 Cir. 2/18/98), 712 So.2d 905 , 911.

the captain of the vessel should be considered appurtenances.  As set forth previously, even were the lifeboat and the captain considered to be appurtenances of the vessel, the AEA cannot be triggered because Defendants did not own the lifeboat or employ the captain.  This argument lacks merit.

**DECREE**

For the foregoing reasons, we affirm the judgment of the trial court granting the exception of prescription in favor of Defendants.  All costs of this appeal are assessed to Plaintiff-Appellant, Paul Dinh.

**AFFIRMED.**