894 So.2d 537 (2005)
Norman PENTON d/b/a Penton Studio
v.
George W. HEALY, IV.
No. 2004-CA-1470.
Court of Appeal of Louisiana, Fourth Circuit.
January 26, 2005.
Rehearing Denied March 15, 2005.
*538 Santo A. Dileo, Harahan, Counsel for Plaintiff/Appellant.
Kevin C. O'Bryon, O'Bryon & Schnabel, PLC, New Orleans, Counsel for Defendant/Appellee.
Court composed of Judge DENNIS R. BAGNERIS Sr., Judge MICHAEL E. KIRBY, Judge TERRI F. LOVE.
KIRBY, J.

STATEMENT OF THE CASE AND FACTS
This case arises out of the production of twenty-three large photographic exhibits by the appellant/ plaintiff, Norman Penton d/b/a Penton Studio ("Penton"), in sixteen hours[1] for use as demonstrative aids in a trial (the "Seither case")[2]. Penton appeals from the trial court's March 24, 2004 judgment awarding him $2,000.00 along with court costs and interest on his claim.
The detailed facts and procedural history of this case are reported in Norman Penton D/B/A Penton Studio v. George Healy, IV, XXXX-XXXX (La.App. 4 Cir. 12/17/03), 863 So.2d 684 ("Penton I"). In Penton I, we affirmed the judgment in Penton's favor but vacated the judgment regarding the amount due to Penton, stating:
Accordingly, in giving the order taxing costs res judicata effect by finding that the cost of the photographs was a thing adjudged in the Seither case, the trial court relied on the improper order in the Seither case which was the result of the improper use of a summary proceeding to resolve the dispute between plaintiff and defendant in this case and issued *539 contradictory rulings: denying the defendant's exception of res judicata and finding that a reasonable fee for the photographs was a thing adjudged. Moreover, the trial transcript indicates that the trial judge, in rendering judgment in the open account case, felt bound by the $1500.00 amount set by the district judge in the Seither rule to tax costs and, accordingly, to the extent that she felt constrained by the district judge's earlier ruling, she, in effect, failed to review the evidence before her and make an independent judgment.
Penton, XXXX-XXXX, p. 863 So.2d 684.
We remanded the case for a determination of the fee due Penton, the abuse of process claim, and, if necessary, attorney fees.
On March 24, 2004, following remand of this case, the trial court found $2,000.00 to be a reasonable fee due Penton but did not provide specific reasons for doing so. The trial court denied Penton's claim for attorney's fees. The trial court also denied Penton's claims for abuse of process, stating:
Regarding plaintiff's claim for abuse of process and subsequent attorney's fees, the court does not find that it was unreasonable for the defendant to dispute the plaintiff's statement for services. A range of reasonable fees exists which could be awarded to plaintiff for his photographic services. The court finds plaintiff's bill of $6,796.37 for photographs to be unreasonable and excessive. The defendant had no ulterior motive in failing to pay the invoice other than to dispute its reasonableness. Defendant, in fact, did offer to pay plaintiff a sum that he determined to be reasonable.
Penton sought to appeal this judgment in April 2004, but the trial court denied the motion for appeal as untimely under La. C.C.P. art. 5002[3]. Penton sought supervisory review of the trial court's denial of his motion to appeal, and this Court found that Penton's appeal was timely because he filed his motion for appeal within ten days of the service date of the notice of signing judgment sent to his counsel's correct address. Norman Penton D/B/A Penton Studio v. George Healy, IV, 2004-C-0611 (La.App. 4 Cir. 6/15/04). This appeal follows.

DISCUSSION
Determination of a Reasonable Fee for Production of Photographic Exhibits
First, Penton argues that the trial court abused its discretion in finding $2,000.00, rather than Penton's invoiced amount of $6,796.37, a reasonable price for the production of the photographic exhibits based on the evidence in the record and the deposition testimony of the defendant/ appellee's expert witness, John C. Majure, which was read into the record during the hearing.
Majure testified that a reasonable fee for the photographic exhibits produced by Penton Studio would be $2,800.00 plus sales tax. Nevertheless, Majure went on to testify regarding how he calculated his estimate and stated that his fee would be $250.00 per hour for photography work within a thirty minute driving distance of his office in Gulfport. Majure also testified that his fee would increase for jobs *540 outside that driving range. Lastly, Majure's testimony left the parties and the trial court with some confusion regarding whether Majure's $2,800.00 estimate included the cost of developing the film and printing the enlargements, as Majure did not own a lab and would have outsourced that portion of the job.
Penton argues that the Majure deposition is not totally without merit, as it does provide a baseline fee of $250.00 per hour. Penton Studio urges this court to apply Majure's rate of $250.00 per hour to the testimony of Marlin Penton and Norman Penton regarding the collective sixteen hours they expended on the assignment and to add an additional $4,000.00 to Majure's estimate of $2,800.00, which would bring the calculated total to $6,800.00. The appellee/ defendant argues that Majure's testimony was clear that $2,800.00 was for the exact same job performed by Penton and that the vast discretion of the trial court to reject expert testimony and substitute common sense judgment should not be disturbed.
The trial court apparently disregarded Majure's testimony, as it awarded Penton Studio only $2,000.00 on remand, which was less than the appellee/ defendant's own expert witness suggested was appropriate. In Gulf Outlet Marina, Inc. v. Spain, XXXX-XXXX (La.App. 4 Cir. 6/25/03), 854 So.2d 386, this court discussed the discretion of a trial court in accepting or rejecting expert witness testimony:
The weight to be given to the testimony of experts is largely dependent upon their qualifications and the facts upon which their opinions are based. Even uncontradicted expert testimony is not binding on the factfinder.
* * *
Included in the credibility determination is the method by which the expert reached his conclusions. It is well settled in Louisiana that the trial court is not bound by the testimony of an expert, but such testimony is to be weighed the same as any other evidence. A trial court may accept or reject in whole or in part the opinion expressed by an expert. The effect and weight to be given to expert testimony is within the broad discretion of the trial judge.
Gulf Outlet Marina, XXXX-XXXX, p. 12-13, 854 So.2d 386, 393-394 (internal citations omitted).
We find that Majure's deposition testimony was ambiguous regarding the methodology he used to calculate his $2,800.00 estimate and regarding which services were included in the estimate. In particular, it is not clear whether Majure included in his estimate the labor costs for developing the film, printing the enlargements, and mounting the photographs or whether such labor had to be outsourced because he no longer owned his own lab. In awarding less than the amount of Majure estimate, the trial court apparently disregarded Majure's expert testimony. Given the confusing nature of Majure's testimony, we conclude that the trial court did not err in disregarding Majure's confusing methodology used to arrive at $2,800.00 as the total cost of the photographic exhibits.
We do, however, find it disturbing that the trial court consistently disregarded the one clear message of Majure's testimony, which was that the cost of the photographic exhibits was more than the $1,500.00 originally awarded by the trial court and more than the $2,000.00 the trial court awarded on remand. We, therefore, proceed to Penton's next argument to examine whether the fee demanded by Penton was reasonable.

*541 Reasonable Fee Based on Time and Place of Delivery
Penton next argues that the trial court erred in not setting a reasonable price for the photographic exhibits based on the time and place of delivery represented by the appellant's price list in accordance with La. C.C. Art. 2466. The appellee argues that the trial court, in fact, determined that $2,000.00 was a reasonable price for the photographic exhibits based on the time and place of delivery. We do not agree.
La. C.C. Art. 2466, No price fixed by the parties, states:
When the thing sold is a movable of the kind that the seller habitually sells and the parties said nothing about the price, or left it to be agreed later and they fail to agree, the price is a reasonable price at the time and place of delivery. If there is an exchange or market for such things, the quotations or price lists of the place of delivery or, in their absence, those of the nearest market, are a basis for the determination of a reasonable price.
Nevertheless, if the parties intend not to be bound unless a price be agreed on, there is no contract without such an agreement.
The Louisiana Supreme Court in Bordelon v. Comeaux Furniture and Appliance, Inc., 1997-2864 (La.2/13/98), 705 So.2d 740 discussed the method a court should use to ascertain a "reasonable sum" for services in the context of a contract without a fixed price, as follows:
In Morphy, Makofsky & Masson, Inc. v. Canal Place 2000, 538 So.2d 569, 574 (La.1989), this court recognized that the fact the amount of compensation a party is to receive for his services was not agreed upon does not vitiate the contract. Instead, the law will imply in the contract a provision that the party "would be paid a reasonable sum for his services." This court defined a "reasonable sum" as including "actual cost, including general overhead attributable to the project, and a reasonable profit." The Louisiana Civil Code also recognizes the viability of such contracts lacking an agreed-upon price and gives courts guidance in determining what is a "reasonable sum." Article 2054 (emphasis added) provides:
When the parties made no provision for a particular situation, it must be assumed that they intended to bind themselves not only to the express provisions of the contract, but also to whatever the law, equity, or usage regards as implied in a contract of that kind or necessary for the contract to achieve its purpose.
"Equity" and "usage" are defined in Article 2055 as follows:
Equity, as intended in the preceding articles, is based on the principles that no one is allowed to take unfair advantage of another and that no one is allowed to enrich himself unjustly at the expense of another.
Usage, as intended in the preceding articles, is a practice regularly observed in affairs of a nature identical or similar to the object of a contract subject to interpretation.
Bordelon, 1997-2864, p. 2, 705 So.2d 740, 741.
The record in the instant case shows that Healy's secretary contracted Penton to produce large, clear photographic exhibits in an extremely short time without discussing or agreeing to a price. Norman Penton and Marlin Penton testified that the invoiced amount included their actual costs for taking, developing, and mounting the photographs. In fact, Norman Penton testified that he consulted other photographers in the area to make sure his price was not over-inflated or under-inflated. Based on the testimony of Norman and *542 Marlin Penton and despite the ambiguous testimony of Majure, Penton's invoiced amount of $6,796.37 is a reasonable price for photographic services in the production of the twenty-three photographic exhibits in 16 hours.

Attorney's Fees on Open Account
Penton argues that if this Court finds that the trial court abused its discretion in not finding the $6,796.37 invoice reasonable, then the trial court abused its discretion in not awarding reasonable attorney fees pursuant to La. R.S. 9:2781. Having found the invoiced amount to be a reasonable amount for his service, we find that Penton is entitled to attorney's fees. See La.Rev.Stat. 9:2781(A); Montgomery Stire & Partners, Inc. v. London Livery, Ltd., XXXX-XXXX, p. 6, 769 So.2d 703, 706 (finding that under the precise wording of La.Rev.Stat. 9:2781(A), attorney fees are due if the amount demanded is correct).

Abuse of Process
Third, Penton argues that the trial court erred in not awarding damages against the defendant/ appellee for abuse of process when he used a motion to determine photographic costs in another proceeding to harass and intimidate the appellant. In Ratcliff v. Boydell, 93-0362, p. 13 (La.App. 4 Cir. 4/3/96), 674 So.2d 272, 280, we stated that to prove abuse of process, the plaintiff must prove an ulterior motive and willful acts in the use of the process not proper in the regular conduct of litigation. On remand, the trial court found that there was no abuse of process, as the appellee/ defendant had the right to contest Penton's invoiced amount due for production of the photographic exhibits. We find no reason to disturb the trial court's ruling on this matter.

CONCLUSION
For the foregoing reasons, we affirm in part, vacate in part, and reverse in part the judgment of the trial court and remand for further proceedings. The judgment in favor of Penton is affirmed, as is the trial court's award of court costs and interest from judicial demand. We, however, vacate the judgment regarding the amount due Penton and award him the originally invoiced amount of $6,796.37. In addition, we reverse the trial court's denial of attorney's fees to Penton in connection with his claim for payment of his invoiced amount and remand the case for a determination of the attorney's fee due. Lastly, we affirm the trial court's denial of Penton's abuse of process claim. The appellee/ defendant is cast with all costs of this appeal.

AFFIRMED IN PART, VACATED IN PART, REVERSED IN PART AND REMANDED.
LOVE, J., dissents and assigns reasons.
LOVE, J., dissenting.
I respectfully dissent. I would affirm the trial court's award to the plaintiff in the amount of $2,000 for the production of photographic exhibits. The trial court's valuation was based upon a resolution of conflicting testimony, and was within the court's vast discretion.
NOTES
[1] In Norman Penton D/B/A Penton Studio v. George Healy, IV, XXXX-XXXX (La.App. 4 Cir. 12/17/03), 863 So.2d 684, this Court's earlier opinion in this case, we described the project as completed in fifteen hours. In the instant case, the appellant reminds this Court that Norman Penton and his son Marlin Penton collectively expended sixteen man-hours on this project.
[2] Mary Seither, et. al. v. Winnebago Industries, Inc., et. al., Civil District Court No. 99-17502, 2001 WL 34030758. The photographs were of an "exemplar buck", a modified truck frame used to demonstrate possible modifications Winnebago could have made to its vehicle.
[3] La. C.C.P. Art. 5002 states:

A. An appeal from a judgment rendered by a city court or a parish court may be taken only within ten days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.
B. When an application for new trial is timely filed, however, the delay for appeal commences on the day after the motion is denied, or from service of notice of the order denying a new trial, when such notice is necessary.